The Honorable Jerry R. Brown State Representative 1001 Oakwood Drive Wynne, Arkansas 72396-1801
Dear Representative Brown:
I am writing in response to your request for my opinion on the following two questions:
 1. Can a quorum court, by ordinance, further [than by statute] restrict the amount a county judge may spend without bids or approval?
 2. Can an ordinance outline certain products that can be exempt from bid process as long as those items don't conflict [with] current state law?
By way of background, you have characterized a county judge's purchasing authority as follows:
 Arkansas County Purchasing laws (A.C.A. § 14-22-101 et seq.) allow a county judge to purchase without bid or approval certain types of equipment that do not exceed $20,000 as well as specifically delineated used pieces that are over $20,000.
RESPONSE
In my opinion, the answer to your first question is "no." I believe the answer to your second question is likewise "no" if you mean to ask whether a county might by ordinance establish exemptions from the bidding requirements that apply under *Page 2 
state law. Section 14-22-106 of the Arkansas Code (Supp. 2007) exhaustively and exclusively catalogs the commodities that may be purchased without soliciting bids.
Question 1: Can a quorum court, by ordinance, further [than bystatute] restrict the amount a county judge may spend without bids orapproval?
As noted above, in my opinion, the answer to this question is "no."
As an initial matter, I should note that your question appears to presuppose that legislatively sanctioned funds are available to be expended on the purchase of commodities. Your question appears to be whether the quorum court, by ordinance, might lower beyond the limit established by state law the amount a county judge can expend on the purchase of commodities without obtaining bids or quorum court approval.
With respect to authorized county purchases, A.C.A. § 14-22-104(2) (Supp. 2007) provides: "Open market purchases may be made of any commodities where the purchase price is less than twenty thousand dollars ($20,000)." Section 3 of Amendment 55 to the Arkansas Constitution further provides that the county judge shall authorize and approve the disbursement of appropriated county funds. See Op. Att'y Gen. No. 2008-009 (generally discussing the scope of the county judge's authority in this regard). Although counties are granted broad legislative powers under Amendment 55 and quorum courts may "exercise local legislative power not denied by the Constitution or by law,"id. at § 1(a), it is clear that a county cannot adopt "[a]ny legislative act contrary to the general laws of the state." A.C.A. § 14-14-805(13) (Repl. 1998). The condition set forth in A.C.A. § 14-22-104(2) clearly qualify as a "general law of the state," meaning that a quorum court may not amend or qualify this condition by local ordinance. Assuming, then, that appropriated revenues are available, the county judge is authorized in his sole discretion to make an open-market purchase of any commodity in an amount up to $20,000. I do not believe this discretion can be limited by any local legislative ordinance.
Question 2: Can an ordinance outline certain products that can beexempt from bid process as long as those items don't conflict [with]current state law? *Page 3 
In my opinion, to the extent that any local ordinance would diverge from the list of exempted items set forth in A.C.A. § 14-22-106, as amended by Acts 2009, No. 756, § 22, the ordinance would conflict with controlling state law. I need not recite the express provisions of this legislation. I will merely note that it exhaustively recites as a matter of state law those commodities that may be purchased by a county without soliciting bids. Implicit in this statute is a clear directive that any commodity not expressly exempted will be subject to the state's general requirements regarding competitive bidding. In my opinion, no local ordinance can extend this list of exempted commodities. Nothing would preclude a quorum court from echoing the list of exemptions recited in A.C.A. § 14-22-106, although doing so would have no practical effect, given that state law has already established these exemptions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh *Page 1